IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM KEITH,

      Plaintiff,                      No. 2:12-cv-1797 JAM CKD PS

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION et al.,

      Defendants.                 ORDER

_____/

        In this action originally filed on March 20, 2012, pro se plaintiff William Keith has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). (See Dkt. No. 5.) Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

---

[1] The action was transferred to this district from the Northern District of California on July 9, 2012 and initially designated as a prisoner civil rights action. (Dkt. Nos. 9-10.) Subsequently, on August 17, 2012, it was re-designated as a pro se civil rights action. (Dkt. No. 14.)

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff names as defendants three members of the medical staff at Mule Creek State Prison (MCSP) and a parole officer. He alleges that on June 6, 2007, while

incarcerated at MCSP, he injured his knee and was denied proper medical care. Specifically, he alleges that no one "recognize[d] his injury until late September or early October 2007," and that defendant Dr. Akintola "would not order an MRI to find out what the real problem was." He also alleges that defendant Nurse Dewitt "colluded with others to make sure I did not get proper medical care" prior to his parole date of January 30, 2008. Plaintiff further alleges that defendant parole agent Fice "colluded . . . to sabotage my workers comp case/claim." (Dkt. No. 4 at 3.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, plaintiff's brief and conclusory allegations fail to state an Eighth Amendment medical indifference claim against any defendant. As to defendant Akintola, plaintiff at most alleges a difference of opinion about his course of treatment (i.e., whether or not he required an MRI), which is not actionable under § 1983. Plaintiff has not alleged that Dewitt knew of and disregarded an excessive risk to his health, and plaintiff's allegations against parole officer Fice appear unrelated to his medical needs and do not state a claim.

As to defendant Williams, named in the complaint as "Chief Medical Officer at MCSP," supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Thus the complaint will be dismissed for failure to state a claim, and plaintiff will be granted the opportunity to submit an amended complaint that cures these deficiencies.

If plaintiff chooses to amend, the amended complaint shall set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 5) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

\\\\\

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint in accordance with this order curing the deficiencies outlined above. The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dated: October 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Keith.1797.ifp-lta.wpd