IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM KEITH,

Plaintiff,

No. 2:12-cv-1797 JAM CKD PS

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al.,

Defendants.

ORDER

_______________________________/

Plaintiff William Keith proceeds pro se and in forma pauperis in this matter.[1] He filed an amended complaint on October 26, 2012, as ordered by the court, and required by 28 U.S.C. § 1915(e)(2).

The federal in forma pauperis statute directs the federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

\\\\\

---

[1] The action was transferred to this district from the Northern District of California on July 9, 2012 and initially designated as a prisoner civil rights action. (Dkt. Nos. 9-10.) Subsequently, on August 17, 2012, it was re-designated as a pro se civil rights action. (Dkt. No. 14.)

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Nevertheless, pro se pleadings are liberally construed, (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)), and unless no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal (see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), Franklin, 745 F.2d at 1230).

Here, plaintiff's complaint remains deficient in many respects, but he will be granted leave to amend the complaint accordingly. First, plaintiff still fails to state a jurisdictional basis allowing the court to hear this action. If, as the undersigned advised in its prior order (dkt. 16), the plaintiff intends to state a claim under 42 U.S.C. §1983 alleging an

Eighth Amendment violation, he needs to so state that in his complaint. Fed. R. Civ. Pro. 8(a)(1). As courts of limited jurisdiction, plaintiff must specifically plead a cause of action within the court's original jurisdiction in order to maintain an action in federal court. See Timbisha Shoshone Tribe v. Kennedy, 714 F. Supp. 2d 1064, 1069 (E.D. Cal. 2010) citing Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).

As to the substance of plaintiff's claim, he has been advised of the elements of an Eighth Amendment violation under §1983, but fails to sufficiently plead such a violation against each named defendant. Plaintiff is reminded of the showing required to state an Eighth Amendment violation on the basis of denied medical care: (1) a serious medical need demonstrated by a showing that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096. Plaintiff must make this showing with respect to each defendant named in his complaint. The amended complaint fails to make such a showing, but plaintiff will be granted leave to file a second amended complaint to cure the deficiencies as outlined below.

Agent Paul Fice: As plaintiff's parole officer, Agent Fice is alleged to have violated the terms of plaintiff's parole on three occasions and with "total disregard of [plaintiff's] right knee." Dkt. 17 at 3. But these allegations indicate no link to plaintiff's medical treatment and do not state a cognizable Eighth Amendment claim. Unless plaintiff can, in good faith, allege facts supporting a claim that Agent Fice was deliberatively indifferent in failing to treat plaintiff's medical condition, this defendant (and these allegations) should not appear in an amended complaint.

\\\\\

Chief Medical Officer Williams: Plaintiff was advised that supervisory personnel are generally not liable under §1983 and he would have to plead specific allegations creating a causal link between Officer Williams and the constitutional violation. Dkt. 16 at 4. The amended complaint alleges that Officer Williams colluded with Dr. Akintola and Nurse DeWitt in acting "with total disregard of [plaintiff's] right knee" by "doing nothing." Dkt. 17 at 3. But such conclusory allegations do not create a cause of action. See Iqbal, 129 S. Ct. at 1949. An amended complaint supporting a claim against this defendant must include allegations of fact showing what, specifically, Officer Williams did in collusion with Akintola and DeWitt, and how he disregarded plaintiff's medical condition. Plaintiff further alleges that Officer Williams, together with Dr. Akintola and Nurse DeWitt created an erosion of plaintiff's trust in the medical personnel and services of the prison. Dkt. 17 at 3. This allegation does not support a cognizable injury for Eighth Amendment purposes against any defendant, and should not appear in an amended complaint. See 42 U.S. C. §1997e(e) (no action for mental or emotional injury without a prior showing of physical injury).

Nurse DeWitt: Plaintiff alleges that on June 7, 2007, DeWitt became aware of plaintiff's knee injury but "knowingly and blatantly colluded with Dr. Akintola . . . . to deny [plaintiff] an immediate MRI and a proper diagnosis." Dkt. 17 at 2. But plaintiff fails to allege facts showing that DeWitt "[knew] of and disregard[ed] an excessive risk" to plaintiff's health in declining to conduct an "immediate MRI" or rendering an improper diagnosis. An amended complaint must contain specific facts showing how Nurse DeWitt was deliberately indifferent to plaintiff's medical condition. Plaintiff also alleges that DeWitt "used her position" to order an "unwarrented [sic] psychological evaluation" of plaintiff on account of his "aggressive" behavior in connection with submitting paperwork required for securing an MRI and diagnosis of his knee. Dkt. 17 at 3. This allegation appears unconnected to plaintiff's claim that he was denied medical care.

\\\\\

Dr. Akintola: It is alleged that Dr. Akintola was aware of and colluded with DeWitt to deny plaintiff an "immediate MRI and a proper diagnosis" and disrespected him by "doing nothing." Dkt. 17 at 2-3. Again, however, plaintiff fails to explain how Dr. Akintola and Nurse DeWitt "colluded with" each other in denying the medical treatment plaintiff claims was owed him. Plaintiff further fails to allege that Dr. Akintola's refusal to conduct an MRI was an act of "deliberate indifference." There are many medically legitimate reasons for not ordering an MRI and plaintiff has failed to explain how Dr. Akintola's course of treatment was "medically unacceptable under the circumstances" and that it was chosen with "conscious disregard of an excessive risk to [the plaintiff's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Without allegations showing a deliberate indifference to plaintiff's health, he has not stated a claim that Dr. Akintola violated his Eighth Amendment right.

Thus the complaint will be dismissed for failure to state a claim, and plaintiff will be granted the opportunity to submit an amended complaint that cures these deficiencies.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (dkt. 17) is dismissed with leave to amend.

2. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint in accordance with this order curing the deficiencies outlined above. The amended complaint shall bear the docket number assigned to this case and shall be labeled

"Second Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dated: November 14, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9
Keith.1797.ifp-lta2.wpd