1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM KEITH,

11             Plaintiff,                    No. 2:12-cv-1797 JAM CKD PS

12        vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
14   REHABILITATION et al.,

15             Defendants.                   ORDER

16   _____/

17             Plaintiff William Keith proceeds pro se and in forma pauperis in this matter.[1]  He

18   filed a Second Amended Complaint ("SAC") on December 13, 2012, as ordered by the court.

19   Plaintiff also filed a motion requesting the appointment of counsel to his case on December 14,

20   2012.  Dkt. 20.  For the reasons stated herein, plaintiff's motion to request counsel will be denied

21   and his SAC will be dismissed with leave to amend.

22        *Appointment of Counsel*

23             The United States Supreme Court has ruled that district courts lack authority to

24   require counsel to represent indigent litigants in § 1983 cases.  Mallard v. United States Dist.

25   _____

26        [1] The action was transferred to this district from the Northern District of California on
     July 9, 2012 and initially designated as a prisoner civil rights action.  Dkts. 9-10.  Subsequently,
     on August 17, 2012, it was re-designated as a pro se civil rights action.  Dkt. 14.

1   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

2   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

3   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

4   the present case, the court does not find the required exceptional circumstances.  As discussed

5   herein plaintiff's SAC fails to state a cognizable § 1983 claim.  His request for the appointment

6   of counsel will therefore be denied.

7           *Second Amended Complaint*

8              The federal in forma pauperis statute directs the federal courts to dismiss a case if

9   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

10  granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

11  § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.

16              To avoid dismissal for failure to state a claim, a complaint must contain more than

17  "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

18  cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

19  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

21  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

22  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

24  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

25  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

26  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

2

1  U.S. 232, 236 (1974).

2         Nevertheless, pro se pleadings are liberally construed, (see Haines v. Kerner, 404

3  U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)),

4  and unless no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in

5  forma pauperis is entitled to notice and an opportunity to amend before dismissal (see Noll v.

6  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), Franklin, 745 F.2d at 1230).

7         Here, plaintiff's SAC remains deficient, but he will be granted an additional

8  opportunity to amend the complaint accordingly.  The gravamen of plaintiff's allegations is that

9  he was denied proper medical care in violation of his Eighth Amendment rights while he was

10  incarcerated.  See Dkt. 19.  More specifically, plaintiff alleges that, after injuring his knee while

11  working as an inmate janitor, he was not given an MRI or a "proper diagnosis" by the treating

12  nurse and doctor.  Id at 1.

13         Plaintiff has been advised of the elements of an Eighth Amendment violation

14  under §1983, but fails to sufficiently plead such a violation against any of the named defendants.

15  Plaintiff is reminded of the showing required to state an Eighth Amendment violation on the

16  basis of denied medical care: (1) a serious medical need demonstrated by a showing that failure

17  to treat a prisoner's condition could result in further significant injury or the unnecessary and

18  wanton infliction of pain, and (2) that the defendant's response to the need was deliberately

19  indifferent.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) quoting McGuckin v. Smith,

20  974 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds).  Deliberate indifference is

21  shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need,

22  and harm caused by the indifference."  Jett, 439 F.3d at 1096.

23         The central problem with the SAC is that plaintiff fails to show how defendants

24  were deliberately indifferent to plaintiff's medical need.  Prison officials are deliberately

25  indifferent when they "deny, delay, or intentionally interfere with medical treatment . . . . "

26  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  Mere negligence, however, in diagnosing

1   or treating a medical condition, without more, does not violate plaintiff's Eighth Amendment

2   rights.  Id.  Medical malpractice does not become a constitutional violation merely because the

3   victim is a prisoner.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

4           As to both Nurse DeWitt and Dr. Akintola, plaintiff alleges that they were aware

5   of plaintiff's knee injury but colluded with each other to deny plaintiff an "immediate MRI and a

6   proper diagnosis," and that they "d[id] nothing."  Id at 2-3.  There are many medically legitimate

7   reasons for not ordering an MRI and plaintiff has failed to explain how Dr. Akintola's course of

8   treatment was "medically unacceptable under the circumstances" and that it was chosen with

9   "conscious disregard of an excessive risk to [the plaintiff's] health."  See Jackson v. McIntosh,

10  90 F.3d 330, 332 (9th Cir. 1996).  A difference of opinion between Dr. Akintola and plaintiff

11  concerning the appropriate course of treatment does not amount to deliberate indifference.  Id,

12  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (prisoner must show that the chosen

13  course of treatment was medically unacceptable under the circumstances).  In order to state a

14  cognizable Eighth Amendment claim, plaintiff must explain how not receiving an MRI on his

15  knee was medically unacceptable and the choice not to perform one was made "in conscious

16  disregard of an excessive risk to [plaintiff's] health."  See Jackson, 90 F.3d at 332.  The SAC

17  fails to make such a showing.  Plaintiff further claims that he did not receive a "proper diagnosis"

18  (dkt. 19 at 1) but does not explain what a proper diagnosis would be or that the diagnosis he

19  received was medically unacceptable.  Id.  One way for plaintiff to make the required showing is

20  to demonstrate how the treatment (or lack thereof) rendered by Nurse DeWitt and Dr. Akintola

21  resulted in further significant injury or pain to plaintiff.

22          Despite the court's instruction, the SAC continues to include additional

23  allegations against defendants that are unrelated to plaintiff's Eighth Amendment claim.  These

24  extraneous claims should not appear in an amended complaint unless they can be pled to state a

25  cognizable claim as discussed below.

26  \\\\\

1         Nurse DeWitt:  The allegation that Nurse DeWitt "used her position" to order an

2    "unwarranted psychological evaluation" of plaintiff is unconnected to plaintiff's claim that he

3    was denied medical care.  Dkt. 19 at 2.  These allegations should be omitted from any further

4    complaint.

5         Chief Medical Officer Williams: Plaintiff is again advised that supervisory

6    personnel are generally not liable under §1983 and specific allegations creating a causal link

7    between Officer Williams and the constitutional violation must be pled in order to state a cause

8    of action against this defendant.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (when a

9    supervisor is found liable based on deliberative indifference, the supervisor is being held liable

10   for his or her own culpable action or inaction, not held vicariously liable for the culpability of

11   subordinates).  The SAC contains the same allegations against Officer Williams that were

12   deficient in the First Amended Complaint.  The conclusory allegation that Officer Williams

13   colluded with Dr. Akintola and Nurse DeWitt in acting "with total disregard of [plaintiff's] right

14   knee . . . . [T]o do nothing" (dkt. 19 at 3) does not create a cause of action.  See Iqbal, 556 U.S. at

15   678.  Plaintiff further alleges that Officer Williams, together with Dr. Akintola and Nurse DeWitt

16   created an erosion of plaintiff's trust in the medical personnel and services of the prison.  Dkt. 19

17   at 3. This allegation does not support a cognizable injury for Eighth Amendment purposes

18   against any defendant, and should not appear in an amended complaint.  See 42 U.S. C.

19   §1997e(e) (no action for mental or emotional injury without a prior showing of physical injury).

20   Unless plaintiff can allege specific conduct of Officer Williams showing how he personally acted

21   with deliberate indifference toward plaintiff's medical need, this defendant should not appear in

22   an amended complaint.

23        Agent  Paul Fice: As plaintiff's parole officer, Agent Fice is alleged to have

24   violated the terms of plaintiff's parole on three occasions, leading to plaintiff's re-incarceration.

25   See Dkt. 19 at 4.  Additional allegations that Agent Fice was responsible for wrongfully arresting

26   plaintiff, interfering with plaintiff's worker's compensation payments and his rehabilitation

1  efforts are also lodged in the SAC.  <u>See</u> Dkt. 19 at 3-4.  But none of these are related to plaintiff's

2  medical treatment and do not state a cognizable Eighth Amendment claim.  Unless plaintiff can,

3  in good faith, allege facts supporting a claim that Agent Fice was deliberately indifferent in

4  failing to treat plaintiff's medical condition, this defendant (and these allegations) should not

5  appear in an amended complaint.

6        Thus the SAC will be dismissed for failure to state a claim, and plaintiff will be

7  granted the opportunity to submit an amended complaint that cures these deficiencies.  Plaintiff is

8  informed that the court cannot refer to a prior pleading in order to make plaintiff's amended

9  complaint complete.  E.D. Cal. L.R. 220 requires that an amended complaint be complete in

10 itself without reference to any prior pleading.  This is because, as a general rule, an amended

11 complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

12 Once plaintiff files an amended complaint, the original pleading no longer serves any function in

13 the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

14 involvement of each defendant must be sufficiently alleged.

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Plaintiff's motion to appoint counsel (dkt. 20) is DENIED,

17        2.  Plaintiff's Second Amended Complaint (dkt. 19) is dismissed with leave to

18 amend, and;

19        3.  Plaintiff is granted 28 days from the date of service of this order to file an

20 amended complaint in accordance with this order curing the deficiencies outlined above.  The

21 amended complaint shall bear the docket number assigned to this case and shall be labeled

22 "Third Amended Complaint."  Plaintiff must file an original and two copies of any amended

23 complaint.

24 ///

25 ///

26 ///

4.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dated: December 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9
Keith.1797.ifp-lta3.wpd