IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM KEITH,

    Plaintiff,     No. 2:12-cv-1797 JAM CKD PS

   vs.

CALIFORNIA DEPT. OF CORRECTIONS
AND REHABILITATION, et al.,

    Defendants.     FINDINGS AND RECOMMENDATIONS

                            /

        Plaintiff has filed a "statement of complaint" which the court will construe as a third amended complaint. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
4  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

5         A complaint, or portion thereof, should only be dismissed for failure to state a
6  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
7  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>
8  <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>
9  <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
13 <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

14        In the third amended complaint, plaintiff alleges claims regarding medical
15 treatment while he was incarcerated.  Plaintiff alleges that he was injured on June 6, 2007 and
16 was not provided appropriate medical care by prison officials.  Plaintiff has now filed four
17 complaints in this action.  Plaintiff has been repeatedly advised of the standards for stating a
18 claim under section 1983.  Like the prior complaints which contained only vague and conclusory
19 allegations, the third amended complaint still fails to state a claim.

20        Moreover, it is apparent from plaintiff's pleadings that his action is barred by the
21 statute of limitations.  The statute of limitations of the state in which the claim arises governs
22 civil rights actions under 42 U.S. C. § 1983.  <u>See</u> <u>Donoghue v. County of Orange</u>, 848 F.2d 926,
23 929 (9th Cir. 1987).  Section 1983 actions are characterized as personal injury actions for
24 purposes of identifying the applicable statute of limitations.  <u>See</u> <u>Wilson v. Garcia.</u> 471 U.S. 261,
25 268-71, 276 (1985); <u>Bianchi v. Bellingham Police Dep't</u>, 909 F.2d 1316, 1317 (9th Cir. 1990).
26 /////

In California, the applicable statute of limitations is two years.  Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

State law also determines the application of tolling doctrines.  See Hardin v. Straub, 490 U.S. 536, 543-44 (1989) (relevant state tolling statutes apply to prisoners' civil rights suits).  California Code of Civil Procedure § 352.1 provides in pertinent part that "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  Cal. Code Civ. Proc. § 352.1(a).  The statute of limitations is tolled only when a person is under a disability at the time the cause of action accrues.  See Bledstein v. Superior Court, 162 Cal. App. 3d 152, 170 (1984); see also Gowin v. Altimer, 663 F.2d 820, 823 (9th Cir. 1981).  Upon the prisoner's release the limitations period begins to run.  See Deutsch v. Hoffman, 165 Cal. App. 3d 152, 154 (1985).  The plaintiff's subsequent reincarceration does not interrupt the running of the limitations period.  See Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir. 1982) (construing a similar Oregon statute, court held disability of imprisonment "ceased" upon parole, and subsequent reincarceration did not reinstate the tolling statute); see also Williams v. Coughlan, 244 F.2d 6, 8 (9th Cir. 1957) (statute of limitations not tolled after prisoner released).

Plaintiff's injury occurred in June, 2007.  The claim accrued at that time.  See Fink v. Shedler, 192 F.3d 911 (claim for denial of proper medical treatment accrued when prison doctor allegedly failed to treat, or improperly treated, former inmate's injured leg).  The statute of limitations was tolled during plaintiff's incarceration.  Plaintiff was released from custody on January 31, 2008.  He asserts that upon his release he was provided a "proper" MRI and diagnosis.  The limitations period began to run when plaintiff was released from custody.  The statute of limitations expired in January, 2010.  This action was not filed until March 20, 2012 and is therefore time barred.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
keith1797.wafu